IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

KEENAN DALATI,

     Plaintiff,

                                    Civil Action No.   26-12694

v.

                                      **JURY TRIAL DEMANDED**

ADVANCED SOLUTION, LLC, a foreign
Corporation

     Defendant.

---

## COMPLAINT

Plaintiff, Keenan Dalati ("Mr. Dalati" or "Plaintiff"), by and through his undersigned counsel, brings this Complaint against Defendant Advanced Solution, LLC ("Advanced Solution" or "Defendant"), and in support thereof alleges as follows:

### THE PARTIES

1.     Plaintiff, Keenan Dalati, is an adult individual and a citizen of the State of Michigan, residing in West Bloomfield, Michigan.

2.     Defendant, Advanced Solution, LLC, is a Pennsylvania limited liability company with its principal place of business located at 1 N. Hanover Street, Carlisle, Pennsylvania 17013.

3.     At all relevant times, Advanced Solution was engaged in the business of distributing medical products—including the products marketed as "Abiomend

1

Xplus," "Tri-Membrane Wrap," and "AmchoPlast"—for sale to customers who purchase such products for resale, and it utilized sales representatives, including Mr. Dalati, to solicit orders for those products in exchange for commissions.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy is between citizens of different States—Plaintiff being a citizen of Michigan and Defendant being a citizen of Pennsylvania—and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. The amount in controversy is satisfied because Plaintiff seeks unpaid commissions of not less than $894,142.23, together with exemplary damages of up to two times that amount under the Pennsylvania Commissioned Sales Representatives Act, plus reasonable attorney fees and costs of suit.

6. This Court has personal jurisdiction over Defendant because Advanced Solution purposefully established minimum contacts with the State of Michigan by contracting with Mr. Dalati, a Michigan resident, to serve as its sales representative; by directing communications, commission payments, and business to Mr. Dalati in Michigan; and by availing itself of the sales services Mr. Dalati performed from within Michigan, among other acts. Plaintiff's claims arise directly out of and relate to those Michigan-directed contacts, and the exercise of jurisdiction comports with

Michigan's long-arm statute, Mich. Comp. Laws § 600.705, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

7.      Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District—including Mr. Dalati's solicitation and generation of the sales at issue from within this District and the injury he sustained here as a result of Defendant's failure to pay the commissions due. Mr. Dalati resides, and performed his services under the Agreements, in or around Oakland County, Michigan, which lies within the Eastern District of Michigan.

## FACTUAL ALLEGATIONS

### A. The Independent Contractor Agreements

8.      On or about July 30, 2025, Mr. Dalati and Advanced Solution entered into an Independent Contractor Agreement, effective July 1, 2025 (the "2025 Agreement"), pursuant to which Mr. Dalati served as a Sales Consultant and solicited orders for Advanced Solution's products in exchange for commissions.

9.      The parties thereafter entered into a second Independent Contractor Agreement, effective January 1, 2026 (the "2026 Agreement," and together with the 2025 Agreement, the "Agreements"), continuing the same relationship.

10.     Section 3(a) of the Agreements obligates Advanced Solution to pay Mr. Dalati commissions "within thirty (30) business days of receiving payment from its

3

manufacturers on assigned account's paid invoices," with commissions to be paid on the last business day of each month.

11.    Exhibit A to the Agreements establishes the applicable commission rates. Exhibit A to the 2025 Agreement identifies "Abiomend Xplus" at a commission rate of 35%, "Tri-Membrane Wrap" at 40%, and "AmchoPlast" at 40%. Exhibit A to the 2026 Agreement identifies "AmchoPlast" at a commission rate of 30%.

## B. Plaintiff Generated More Than $2 Million in Commission-Eligible Sales

12.    Between November 24, 2025 and January 12, 2026, Mr. Dalati solicited and generated sales of commission-eligible products to the customer identified as "VDS" totaling $2,357,959.21 in gross invoiced sales.

13.    The products Mr. Dalati sold to VDS were sold on a wholesale basis to a customer that purchased them for resale, and not to a consumer or end user.

14.    After application of the shipping deductions provided for in Section 3(a) of the Agreements, the net commissionable sales total $2,356,981.16, yielding commissions due to Mr. Dalati of $894,142.23, calculated as follows:

| Invoice | Date | Product | Net Amount | Rate | Commission |
|---|---|---|---|---|---|
| AX5030 | 11/24/2025 | Abiomend Xplus | $340,286.38 | 35% | $119,100.23 |
| AX5031 | 11/24/2025 | Abiomend Xplus | $183,744.85 | 35% | $64,310.69 |
| AX5029 | 12/01/2025 | Abiomend Xplus | $340,286.00 | 35% | $119,100.10 |
| AX5156 | 12/05/2025 | Abiomend Xplus | $37,431.51 | 35% | $13,101.02 |
| AX5183 | 12/05/2025 | Abiomend Xplus | $34,028.64 | 35% | $11,910.02 |

4

| Invoice | Date | Product | Net Amount | Rate | Commission |
|---|---|---|---|---|---|
| TM5290 | 12/15/2025 | Tri-Membrane Wrap | $441,794.44 | 40% | $176,717.78 |
| TM5291 | 12/15/2025 | Tri-Membrane Wrap | $120,099.51 | 40% | $48,039.80 |
| TM5410 | 12/19/2025 | Tri-Membrane Wrap | $403,191.21 | 40% | $161,276.48 |
| TM5569 | 12/26/2025 | Tri-Membrane Wrap | $334,562.91 | 40% | $133,825.16 |
| TM5568 | 12/26/2025 | Tri-Membrane Wrap | $102,942.42 | 40% | $41,176.97 |
| AP5651 | 01/05/2026 | AmchoPlast | $9,459.21 | 30% | $2,837.76 |
| AP5662 | 01/12/2026 | AmchoPlast | $9,154.08 | 30% | $2,746.22 |
| TOTAL | | | $2,356,981.16 | | $894,142.23 |

15.     In the aggregate, Advanced Solution owes Mr. Dalati earned commissions of $894,142.23 on the VDS invoices described above.

**C. Advanced Solution Received Payment But Refused to Pay Mr. Dalati**

16.     Advanced Solution received payment from VDS on the invoices described above in the total amount of $2,357,959.21.

17.     More than thirty business days have elapsed since Advanced Solution received VDS's payments, and the time for payment of the corresponding commissions under Section 3(a) of the Agreements has long since passed.

18.     Notwithstanding its receipt of payment, Advanced Solution has paid Mr. Dalati $0.00 in commissions on the VDS invoices described above.

19.     The parties' course of dealing confirms that commissions on VDS-related sales are owed. Advanced Solution paid Mr. Dalati commissions on VDS-

5

related sales in September, October, and November 2025, and paid Mr. Dalati $2,566.90 in commission for the period of January 16 to January 31, 2026 on a separate VDS-related sale at a rate of 35%. At no time did Advanced Solution indicate that Mr. Dalati was not entitled to commissions on VDS sales.

20.     The relationship between Mr. Dalati and Advanced Solution has since terminated.

21.     On Thursday, July 25, 2026, after hearing nothing from VDS for an extended period of time despite multiple attempts to receive his unpaid commission, Mr. Dalati emailed Tyler Baum and VDS' finance email indicating that if he did not hear from them or receive payment within 24 hours, he will assume his contract was terminated.

22.     Mr. Dalati never received a response.

23.     All commissions described above were due at or became due after the termination and remain unpaid more than fourteen (14) days later.

24.     By letter dated June 24, 2026, Plaintiff, through counsel, made written demand upon Advanced Solution for payment of the earned and unpaid commissions no later than July 8, 2026. Advanced Solution failed and refused to pay.

25.     Advanced Solution's failure to pay the commissions owed to Mr. Dalati was and is willful.

## COUNT I

## BREACH OF CONTRACT

26.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

27.     The Agreements constitute valid and enforceable contracts between Mr. Dalati and Advanced Solution, supported by consideration.

28.     Mr. Dalati performed all of his obligations under the Agreements, including soliciting and generating the VDS sales described above.

29.     Section 3(a) of the Agreements required Advanced Solution to pay Mr. Dalati commissions within thirty (30) business days of Advanced Solution's receipt of payment from its manufacturers on assigned accounts' paid invoices.

30.     Advanced Solution materially breached the Agreements by failing and refusing to pay Mr. Dalati the earned commissions of $894,142.23 due on the VDS invoices, notwithstanding its receipt of payment and the expiration of the contractual payment period.

31.     As a direct and proximate result of Advanced Solution's breach, Mr. Dalati has been damaged in an amount not less than $894,142.23, plus pre-judgment interest.

## COUNT II

## VIOLATION OF THE PENNSYLVANIA COMMISSIONED
## SALES REPRESENTATIVES ACT, 43 P.S. §§ 1471–1478

7

32.     Plaintiff incorporates by reference paragraphs 1-25 as though fully set forth herein.

33.     Advanced Solution is a "principal" within the meaning of 43 P.S. § 1471 because it engages in the business of distributing products for sale to customers who purchase such products for resale, it utilizes sales representatives to solicit orders for such products, and it compensates those sales representatives, in whole or in part, by commission.

34.     Mr. Dalati is a "sales representative" within the meaning of 43 P.S. § 1471 because he contracted with Advanced Solution to solicit wholesale orders from customers that purchase for resale rather than from consumers, and he was compensated, in whole or in part, by commission. Mr. Dalati was not an employee of Advanced Solution and did not place orders or purchase products for his own account for resale.

35.     The commissions Mr. Dalati earned on the VDS invoices are "commissions" within the meaning of 43 P.S. § 1471, the rate of which is expressed as a percentage of the dollar amount of orders or sales.

36.     Pursuant to 43 P.S. §§ 1473 and 1474, Advanced Solution was required to pay Mr. Dalati all commissions due at the time of termination within fourteen (14) days after termination, and all commissions that became due after termination within fourteen (14) days of the date such commissions became due.

8

37. Advanced Solution willfully failed to comply with 43 P.S. §§ 1473 and 1474 by failing to pay Mr. Dalati the earned commissions of $894,142.23 within the time required.

38. Pursuant to 43 P.S. § 1475(a), Advanced Solution is liable to Mr. Dalati for all commissions due, plus exemplary damages in an amount not to exceed two times the commissions due, together with the costs of suit, including reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Keenan Dalati respectfully requests that this Court enter judgment in his favor and against Defendant Advanced Solution, LLC, and award the following relief:

A. On Count I, compensatory damages in an amount not less than $894,142.23, plus pre-judgment and post-judgment interest;

B. On Count II, all commissions due in an amount not less than $894,142.23, plus exemplary damages of up to two times the commissions due pursuant to 43 P.S. § 1475(a)(1);

C. The costs of suit, including reasonable attorney fees, pursuant to 43 P.S. § 1475(a)(2);

D. Pre-judgment and post-judgment interest as allowed by law; and

E. Such other and further relief as this Court deems just and proper.

9

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Keenan Dalati demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Shereef H. Akeel
AKEEL & VALENTINE, PLC
Shereef H. Akeel (P54345)
Daniel W. Cermak (P84460)
888 W. Big Beaver, Ste. 350
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com
daniel@akeelvalentine.com

Dated: August 4, 2026

*Attorneys for Plaintiff*

10